Electronically FILED by Superior Court of California, County of Los Angeles on 03/11/2022 12:24 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Villarreal,Deputy Clerk
Case 2:22-cv-06135-FLA-JEM    Document 25-1    Filed 08/30/22    Page 1 of 13    Page ID #:180
22STLC01632
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Mark Windham

**KNEUPPER & COVEY, PC**
Kevin Kneupper, Esq. (CA SBN 325413)
kevin@kneuppercovey.com
17011 Beach Blvd., Ste. 900
Huntington Beach, CA 92647
Tel: (512) 420-8407

*Attorneys for Plaintiff Brad Cummings*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| BRAD CUMMINGS;<br><br>    Plaintiff,<br><br>vs.<br><br>MILLENNIUM ALARM SYSTEMS, INC. and ADT, LLC,<br><br>    Defendant(s) | Case No.: 22STLC01632<br><br>**COMPLAINT FOR:**<br><br>(1) Breach of Contract;<br>(2) Breach of Express Warranty;<br>(3) Breach of Implied Warranty of Fitness for a Particular Purpose;<br>(4) Negligence;<br>(5) Gross Negligence.<br><br>**DEMAND FOR JURY TRIAL**. |

Plaintiff Brad Cummings, by and through the undersigned counsel, hereby files this Complaint against Defendants, and allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter because the Plaintiff purchased alarm services from the Defendants in Long Beach, California, located in Los Angeles County.

2. This Court has personal jurisdiction over Defendants because Defendants do business in California, including in Long Beach. Defendant Millennium Alarm Systems, Inc. is headquartered in Los Angeles, California within this County. Defendant ADT, LLC ("ADT") does business in partnership with Millennium Alarm Systems, Inc., which

COMPLAINT
1

is an ADT authorized dealer who ADT partnered with to sell alarm services in this County. Defendants marketed, promoted, and sold their services in California, and Defendants have sufficient minimum contacts with this State and/or sufficiently availed themselves of the markets in this State through their promotion, sales, and marketing within this State, including Los Angeles County, to render the exercise of jurisdiction by this Court permissible. Defendant ADT purposely directed its conduct towards California on an ongoing and systemic basis by regularly marketing its alarm systems and services within this state. Both Defendants worked together to sell and provide alarm services to Mr. Cummings and his business, The Rok Music Academy, on an ongoing basis within Los Angeles County. Defendant ADT further markets and sells alarm services throughout California on a regular basis. Defendant ADT is further subject to general jurisdiction because it registered to do business as a foreign corporation in California.

3. Venue is proper in this Court pursuant to California Code of Civil Procedure 395(a) because Los Angeles County is the county in which the injury occurred. It is further proper under California Code of Civil Procedure 395(a) because Defendant Millennium Alarm Systems resides in this county.

## THE PARTIES
### Plaintiff

4. PLAINTIFF BRAD CUMMINGS is a citizen of the state of California and resides in Long Beach, California.

### Defendants

5. MILLENNIUM ALARM SYSTEMS, INC. is a California corporation whose address is 5777 W. Century Blvd., #1755, Los Angeles, CA 90045.

6. ADT, LLC, previously ADT SECURITY SERVICES, INC. ("ADT") is a Delaware corporation whose address is 1501 Yamato Rd., Boca Raton, FL 33431. It is registered to do business in the state of California as a foreign corporation.

# FACTUAL ALLEGATIONS

7. ADT, LLC is a company that provides business security services and alarm systems to its customers under the brand name "ADT." It advertises itself as providing "24/7 professional monitoring" and promises its customers that they can "[r]est easy knowing that thousands of ADT employees are always ready to help in an emergency."[1] ADT promises to provide its customers with "proven, **reliable** technology."[2] It further promises that "[w]hether you are on-site or miles away, our state-of-the-art intrusion detection solutions and monitoring services give you peace of mind, so you can focus on your business."[3]

8. Millennium Alarm Systems, Inc. is an ADT Authorized Dealer that prominently touts its partnership with ADT in selling its services. It describes itself as "one of the largest Authorized ADT Dealers in North America."[4] It represents to customers that it offers "high-end security products and services designed for protection and fast emergency responses."[5] It represents that it will help businesses "[p]rotect your livelihood and the safety of your employees and customers with a **reliable** monitoring and security system."[6]

9. Despite making similar promises to Mr. Cummings, ADT and Millenium did not deliver. They left his business defenseless with an unreliable alarm system, resulting in a "smash and grab" burglary in which the alarm did not trigger despite a window being broken. And incredibly, after being put on notice that the system was not working, and after sending out a technician to supposedly inspect the system, his business was burglarized a second time by an individual who on information and belief, based on the methods and security videos, was the exact same criminal who took advantage of the worthless alarm system to steal even more of Mr. Cummings' property.

---

[1] https://www.adt.com/ (last visited Feb. 13, 2022).
[2] https://www.adt.com/commercial/intrusion (last visited Feb. 13, 2022) (emphasis added).
[3] *Id.*
[4] https://millenniumalarmsystems.com/ (last visited Feb. 13, 2022).
[5] *Id.*
[6] *Id.* (emphasis added).

## Plaintiff Brad Cummings' Experience
## With Defendants

10.  Plaintiff Brad Cummings runs a business called "The Rok Music Academy," previously called Rock Stars of Tomorrow. The business maintains a physical location at 5465 E. Carson St., Long Beach, CA 90808. The Rok Music Academy offers musical instruction in a variety of instruments, including guitars, drums, piano, and string instruments. The instruments and equipment involved can be expensive—and Mr. Cummings sought to protect his business by contracting for a burglar alarm system.

11.  On March 19, 2014, Plaintiff entered into a contract with Millenium Alarm Services, Inc., which listed them as an ADT Authorized Dealer. Under the terms of the contract, Mr. Cummings and his business were to receive "Basic Monthly Service, Burglary" for $39.99 per month. The contracted stated that the service included "Customer Monitoring Center Signal Receiving and Notification Service for Burglary, Manual Fire, and Manual Police Emergency." The contract provided for submission to ADT itself, which could then approve or reject the contract. Mr. Cummings entered into a personal guarantee to make payments under the contract with ADT Security Services, Inc. on the same day. ADT Security Services, Inc. is now named ADT, LLC.

12.  A Schedule of Protection to the contract made clear that ADT and Millennium Security Systems were responsible for providing 2 wireless motion sensors, a high decibel siren, door sensors, a key pad, and a CPU panel with a battery back-up.

13.  An Emergency Information Schedule made clear that in addition to the equipment, ADT and Millennium Security Systems were providing "Basic Burglary Service" for a monthly fee on an ongoing basis, for which Mr. Cummings would pay $39.99 per month. Mr. Cummings provided emergency contact information for the Defendants to contact him in the event of a burglary.

14.  Mr. Cummings understood from discussions with the sales representative for Millennium Security Systems (who presented himself as a sales representative for ADT) that they would be providing him with a reliable alarm system which Defendants would maintain and monitor as part of his monthly service fees.

15. On December 20, 2021 at around 3:20 AM, Mr. Cummings' business, The Rok Music Academy at 5465 E. Carson St., Long Beach, CA 90808, was burglarized. A group of burglars wearing hoods, masks, and gloves broke through the glass window on the door. They climbed through the hole in the glass and went inside, running into a hallway and stealing guitars from the walls. They moved around inside the business, stealing equipment from the middle of the room as well. The burglars then loaded the equipment they stole into their vehicle.

16. Because the alarm system did not go off, the burglars decided to return again and again into the business. They came in and out multiple times over the course of 55 minutes, stealing additional equipment and loading it into their vehicle. Had the alarm system been functioning, this would not have happened. The alarm is extremely loud and would have deterred the burglars from staying that long to continue stealing equipment. Further, the area around Mr. Cummings' business is patrolled by private security, who would have heard the alarm and intervened. And both Mr. Cummings and the police would have been notified had the system been functioning, meaning that the burglars would have been forced to flee or have been apprehended. The alarm system was armed when Mr. Cummings arrived at his business afterwards, and the motion sensor should have detected the burglars inside.

17. After the burglary, Mr. Cummings promptly contacted ADT to complain. On December 21, 2021, a technician acting as an agent or employee of both of the Defendants performed testing on the alarm system. Mr. Cummings was assured that the system was now working. The technician replaced the keypad and replaced the batteries, charging Mr. Cummings $474. For the first time, the technician informed Mr. Cummings that he did not have glass breakage sensors, which was a surprise to Mr. Cummings because previously the system had repeatedly triggered on occasions when vandals had shot out his windows. The technician assured Mr. Cummings that the system was in working order.

18. On January 25, 2022, at around 3:00 AM, Mr. Cummings' business The Rok Music Academy was burglarized again. Again, the system was armed when Mr. Cummings arrived—but again, the system did not go off, allowing the burglars to steal even more equipment. The burglars used the same methods, coming through the same glass portion of the door, and went to the same parts of the business to steal equipment. On information and belief, these were the same burglars. Because the alarm system failed to trigger, the burglars were able to steal even more equipment, and it was caused by this failure to trigger for the same reasons as in the first burglary. Defendants' technician had not, in fact, fixed the system, causing Mr. Cummings to be injured yet again despite the large fee Defendants had charged him to fix it.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Breach of Contract

### (against all Defendants)

19. Plaintiff incorporates all preceding and subsequent paragraphs by reference as if set forth fully herein.

20. Mr. Cummings performed all actions required of him under the contract with the Defendants.

21. The contract promised monitoring services, wireless motion detectors, door sensors, and a high decibel siren.

22. The Defendants breached the contract by failing to provide those services and failing to maintain the alarm system in working order.

23. Mr. Cummings was harmed by these breaches because his business was burglarized twice, including after permitting a repair attempt, resulting in damage to the business and stolen property. Defendants' breach was a substantial factor in Mr. Cummings' injuries because had the alarm functioned, the burglars would have been interrupted or would have been alerted that the police would be arriving shortly. The police or private security would have intervened or apprehended the burglars. Further,

had the alarm system functioned properly during the first burglary, the burglars would not have returned a second time to steal additional property and cause additional damage.

24. Mr. Cummings suffered severe emotional distress as a result of Defendants' breaches. For example, he has lost sleep worrying about his business and has found himself waking up late at night to check the cameras covering his business. He has driven down to his business in the middle of the night out of fear of another burglary when unusual activity occurs on the cameras. He has further suffered severe emotional distress because of the importance of his business to his family and the damage that repeated burglaries have caused to it.

25. Severe mental distress was a foreseeable result of a breach of the contract given its nature, which was to provide a sense of security and peace of mind to business owners over the risks associated with a burglary. Defendants' advertising specifically emphasizes this peace of mind. For example, Millenium Alarm Systems promises on its website to "help protect the things you care about most."[7] It emphasizes the dangers of burglaries to the personal safety of owners and customers: "Protect your livelihood and the safety of your employees and customers with a reliable monitoring and security system. You work hard for your money – don't let burglars take it away."[8] Similarly, ADT's marketing focuses on preventing mental distress among business owners: "our state-of-the-art intrusion detection solutions and monitoring services give you peace of mind, so you can focus on your business."[9] ADT's pervasive television advertising claims to have "saved more lives than any other home security brand."[10] Mr. Cummings was made similar promises by Defendants' sales representative.

26. Mr. Cummings was damaged due to his loss of property and the emotional distress he suffered.

---

[7] https://millenniumalarmsystems.com/ (last visited Feb. 13, 2022).
[8] https://millenniumalarmsystems.com/commercial-security/ (last visited Feb. 13, 2022).
[9] https://www.adt.com/commercial/intrusion (last visited Feb. 13, 2022).
[10] https://www.youtube.com/watch?v=0fRmg9w3hxg (last visited Feb 13, 2022).

## SECOND CAUSE OF ACTION
## Breach of Express Warranty
### (against all Defendants)

27. Plaintiff incorporates all preceding and subsequent paragraphs by reference as if set forth fully herein.

28. As alleged above, when selling their services, Defendants issued express warranties by representing that their alarm systems and services would function reliably. This was an affirmation of fact about the products and services and a promise relating to the products and services.

29. This warranty was part of the basis of the bargain and Plaintiff relied on this warranty.

30. Defendants breached this warranty because their alarm systems and services did not function reliably, and in fact did not work properly even after Defendants sent a technician to address the issues relating to the first burglary after Plaintiff complained about the failure.

31. Defendants' breach was a substantial factor and a proximate cause in causing damages and losses to Plaintiff.

32. Plaintiff relied on this warranty by storing musical equipment and other assets in his place of business. Plaintiff was injured as a direct and proximate result of Defendants' warranty because his business was burglarized twice, including after permitting a repair attempt, resulting in damage to the business and stolen property. The alarm system and services did not have the quality, functionality, and value that was promised. Defendants' breach of these warranties was a substantial factor in Mr. Cummings' injuries because had the alarm functioned, the burglars would have been interrupted or would have been alerted that the police would be arriving shortly, cutting the burglary short. The police or private security would have intervened or apprehended the burglars. Further, had the alarm system functioned properly during the first burglary, the burglars would not have returned a second time to steal additional property and cause

additional damage.

33. Mr. Cummings suffered severe emotional distress as a result of Defendants' breaches. As discussed *supra*, severe emotional distress was a foreseeable result of a breach of these warranties given their nature and the nature of the agreement, which was premised on providing "peace of mind."

34. Plaintiff provided pre-suit notice and an opportunity to repair, and was told after an inspection in December 2021 that the alarm system was repaired and functioning properly, but his reliance on this representation merely resulted in a second burglary and further property loss.

35. Mr. Cummings was damaged due to his loss of property and the emotional distress he suffered.

## THIRD CAUSE OF ACTION
## Breach of Implied Warranty of
## Fitness for Particular Purpose
## (against all Defendants)

36. Plaintiff incorporates all preceding and subsequent paragraphs by reference as if set forth fully herein.

37. Defendants marketed their services with implied warranties of fitness for their intended purpose, namely that: (1) the intrusion alarms would detect an intrusion and set off an alarm; (2) that the sensors would detect motion and a broken window; (3) that the alarm systems would be functioning and would be reliable; and (4) that ADT would maintain the alarm system and monitor it so that it functioned properly.

38. Plaintiff relied on the skill and judgment of Defendants to select the alarm system appropriate to his business and its needs. The Schedule of Protection provided that Defendants would "train" Plaintiff, indicating their superior skill and judgment with respect to appropriate alarm systems. Such superior skill and judgment is a core part of the promises made by Defendants. Millennium Security Services represents that: "When you call Millennium Alarm Systems for a free consultation, one of our knowledgeable

and experienced security experts will come on site to evaluate your unique security needs and make suggestions on the best package for your business."[11] Similarly, ADT represents on its webpage that it exercises such skill and judgment: "We don't provide a one-size-fits-all solution. We design protection that takes the shape of your organization, helping you choose the most robust intrusion system with the latest technology."[12]

39. Plaintiff relied on the implied warranties of fitness for a particular purpose by storing musical equipment and other assets in his place of business. Plaintiff was injured as a direct and proximate result of Defendants' warranty because his business was burglarized twice, including after permitting a repair attempt, resulting in damage to the business and stolen property. The alarm system and services did not have the quality, functionality, and value that was promised. Not only did they not function, but Defendants did not install window breakage sensors. Defendants' breach of these implied warranties was a substantial factor in Mr. Cummings' injuries because had the alarm functioned, the burglar would have been interrupted or would have been alerted that the police would be arriving shortly. Further, had the alarm system functioned properly during the first burglary, the burglar would not have returned a second time to steal additional property and cause additional damage.

40. Plaintiff did not alter the alarm system.

41. Defendants knew at the time they sold the alarm system and services that Mr. Cummings intended to rely on the alarm system and services for these intended purposes. The primary selling point of the alarm system and services was to prevent or intercept burglaries by functioning according to those intended purposes.

42. Mr. Cummings suffered severe emotional distress as a result of Defendants' breaches. As discussed *supra*, severe emotional distress was a foreseeable result of a breach of these warranties given their nature and the nature of the agreement.

---

[11] https://millenniumalarmsystems.com/commercial-security/ (last visited Feb. 13, 2022).
[12] https://www.adt.com/commercial/intrusion (last visited Feb. 13, 2022).

43. Once he became aware that the system was not functioning properly, Mr. Cummings immediately notified ADT and gave them the opportunity to repair it. This merely resulted in a second burglary because ADT continued to breach its implied warranties and did not ensure that the system was functioning according to its intended purposes.

44. Mr. Cummings was damaged due to his loss of property and the emotional distress he suffered.

## FOURTH CAUSE OF ACTION

### Negligence

### (against all Defendants)

45. Plaintiff incorporates all preceding and subsequent paragraphs by reference as if set forth fully herein.

46. Defendants owed a duty of care to Plaintiff because of their general legal duty to avoid injury to others, because they assumed responsibility to inspect and maintain the alarm systems, and because of their promises to exercise their superior expertise in determining an appropriate security system for Mr. Cummings' business.

47. Defendants breached this duty by failing to maintain the security system and by failing to properly repair it when Mr. Cummings requested that they inspect it after the first burglary.

48. These breaches of the duty of care caused damage to Mr. Cummings. But for a failure by Defendants to properly maintain an appropriate security system, the burglars would have been either driven off or apprehended, and he would not have returned for a second burglary. But for a failure by Defendants to repair the security system when requested, the burglars would have been driven off or apprehended during the second burglary.

49. Mr. Cummings was damaged by this negligence due to his loss of property and the emotional distress he suffered.

## FIFTH CAUSE OF ACTION

### Gross Negligence

### (against all Defendants)

50. Plaintiff incorporates all preceding and subsequent paragraphs by reference as if set forth fully herein, including specifically the elements of negligence in the Fourth Cause of Action.

51. Defendants' conduct was not merely negligent, but grossly negligent. Their failure to repair the alarm system (and their false assurances to Mr. Cummings that it had been repaired) after the first burglary constituted a want of even scant care and an extreme departure from the ordinary standard of conduct. As companies that specialize in selling security systems and advising their customers on those systems, Defendants were well aware of the high likelihood of a repeat burglary once burglars became aware that the security system was not functioning. By failing to ensure that the system was in working order after the first malfunction, despite charging Mr. Cummings to repair it, Defendants committed gross negligence.

52. Mr. Cummings was damaged by this gross negligence due to his loss of property and the emotional distress he suffered.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment as follows:

A. Actual damages, including but not limited to emotional distress damages, economic damages, and non-economic damages;

B. Punitive damages;

C. An award of attorney's fees and costs;

D. Declaratory relief that Defendants have breached their contractual agreement with Plaintiff;

E. For pre-judgment and post-judgment interest as provided for by law or allowed in equity; and

F. Such other and further relief as is necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED: March 11, 2022

Respectfully submitted,

KNEUPPER & COVEY, PC

/s/ Kevin M. Kneupper

Kevin M. Kneupper, Esq.

*Attorneys for Plaintiff Brad Cummings*